# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINA SALVADOR, Detainee No. A200968077,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MISS JACKSON,<br><br>　　　　　　　　　　　　Defendant. | Civil No.　　12cv2297 LAB (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF No. 2];**<br><br>**(2)   DENYING MOTION TO APPOINT COUNSEL [ECF No. 3]; and**<br><br>**(3) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |

　　　Amina Salvador  ("Plaintiff"), currently detained at the San Diego Detention Center located in San Diego, California, and proceeding pro se, has filed a civil action.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, she has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

## I.

### MOTION TO PROCEED IFP

　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350.  *See* 28

1  U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee
2  only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See
3  Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent
4  litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and
5  appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871,
6  886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or
7  detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent
8  for, violations of criminal law or the terms and conditions of parole, probation, pretrial release,
9  or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the
10 INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because
11 deportation proceedings are civil, rather than criminal in nature, and an alien detained pending
12 deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated
13 delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff
14 claims she was civilly detained pursuant to immigration or deportation proceedings, and not a
15 "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b)
16 do not apply to her.

17       Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any
18 other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient
19 to show that Plaintiff is unable to pay the fees or post securities required to maintain this action,
20 and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF
21 No. 2].

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

24       Plaintiff also requests the appointment of counsel to assist her in prosecuting this civil
25 action. The Constitution provides no right to appointment of counsel in a civil case, however,
26 unless an indigent litigant may lose her physical liberty if she loses the litigation. *Lassiter v.
27 Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1),
28 district courts are granted discretion to appoint counsel for indigent persons. This discretion may

be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice because, for the reasons set forth below, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.

#### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff's Complaint contains no factual allegations. However, Plaintiff makes one claim that "defendant is guilty of rape/sexual assault." (Compl. at 1.) Because it appears that Plaintiff may be alleging facts relating to her confinement in a Federal Immigration center and she may be trying to claim violation of her civil rights by federal actors, the Court construes this matter

as arising under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978).  "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To state a private cause of action under *Bivens*, Plaintiff must allege:  (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor. *Id.; Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  *Bivens* provides that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights." *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens* action may only be brought against the responsible federal official in his or her individual capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly- Murphy*, 837 F.2d at 355.

Nor does *Bivens* provide a remedy for alleged wrongs committed by a private entity alleged to have denied Plaintiff's constitutional rights under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose of *Bivens* is to deter *the officer*,' not the agency.") (quoting *Meyer,* 510 U.S. at 485); *Malesko*, 534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities.").

There are no facts in Plaintiff's Complaint to inform the Court as to the role or identity of "Miss Jackson."  There are no facts from which the Court could even conclude that "Miss Jackson" is a federal agent.  There are no facts that would give rise to finding of any civil rights violation.  Plaintiff claims this person is "guilty of rape/sexual assault" but it is not even clear if she is referring to herself or whether this person is guilty of these crimes against someone else.

Plaintiff would have to supply additional facts and allegations if she intends to bring an Amended Complaint.

Because it is not clear what other claim Plaintiff attempting to bring in this action, Plaintiff's entire action must be dismissed for failing to state a claim upon which relief may be granted.

## IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that:

3. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this case shall remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

DATED: October 8, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge